## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

```
BILL S. CORY,                        )
                                     )
                  Plaintiff,         )     CIVIL ACTION
                                     )
v.                                   )     No.  14-1258-MLB
                                     )
MARTIN BAILEY,                       )
                                     )
                  Defendant.         )
_____)
```

<u>**MEMORANDUM AND ORDER**</u>

This case comes before the court on defendant's amended motion to dismiss.  (Doc. 24).  The motion has been fully briefed and is ripe for decision.  (Docs. 25, 29, 30).  Defendant's motion is granted for the reasons herein.

**I.   Facts**

Defendant Martin Bailey is a resident of Texas and owns Fat City, Co., a cattle operation in Texas.  Plaintiff Bill Cory, a Kansas resident, sells dairy hay to purchasers throughout the United States. The hay is picked up and paid for by the purchaser at the Coop Elevator in Concordia, Kansas.

In June 2011, defendant visited plaintiff's farm but did not purchase hay.  In July 2011, defendant called plaintiff to purchase hay.  In August and September 2011, defendant purchased five loads of hay and paid by check.  On September 6 and 13, defendant sent trucks to Kansas to purchase hay but defendant did not pay for the hay that was loaded onto the trucks.  On September 14, 2011, plaintiff requested payment of $15,992.35 for the five loads of hay.  Defendant has not submitted a payment to plaintiff for the hay.

Plaintiff brought this action asserting a claim for relief under the civil federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), and alleging a violation of the Kansas Consumer Protection Act (KCPA). (Doc. 20). Defendant moves to dismiss the amended complaint on the basis that it fails to state a claim. (Doc. 24).[1]

## II.   Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.

---

[1]   Plaintiff contends that defendant's motion to dismiss is untimely because defendant filed an answer prior to filing his motion to dismiss. Defendant filed a premature answer to plaintiff's amended complaint on December 12, 2014. (Doc. 14). Plaintiff then filed his amended complaint on January 20, 2015. (Doc. 20). Defendant filed his motion to dismiss six days later. (Doc. 22). Defendant then filed an amended motion to dismiss after receiving plaintiff's new address. (Doc. 24). Defendant's motion to dismiss is timely. Fed. R. Civ. P. 12(b). Moreover, it is clear from Rule 12(h) that a motion arguing a defense of failure to state a claim may be made after an answer is filed without fear of waiver.

Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

    **A.   RICO**

Section 1962(c) of RICO makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).  To state a claim under § 1962(c), a plaintiff must allege that defendant: (1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Tal v. Hogan, 453 F.3d 1244, 1269 (10th Cir. 2006).

Defendant contends that plaintiff's amended complaint must be dismissed because plaintiff has failed to allege that defendant engaged in a pattern of racketeering activity.  Racketeering activity is broadly defined by the statute.  See 18 U.S.C. § 1961(1) (listing offenses included in definition).   A pattern of racketeering activity "requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5); see also Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir. 2003) (stating that a "pattern of racketeering activity" must include at least two predicate acts).  Furthermore, plaintiff "must show two elements—'a relationship between the predicates' and 'the threat of continuing activity.'"  Duran v.

Carris, 238 F.3d 1268, 1271 (10th Cir. 2001) (citing H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989)).

Plaintiff's amended complaint alleges that defendant committed wire fraud by making fraudulent representations to plaintiff during telephone calls in August and September 2011 and that defendant violated 18 U.S.C. § 2314 by transporting stolen hay in September 2011. These crimes constitute predicate acts under RICO. See 18 U.S.C. § 1961(1). Plaintiff, however, has failed to establish a threat of continuing activity. To establish continuity, a plaintiff must demonstrate either "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." H.J. Inc. v. Northwestern Bell, 492 U.S. 229, 239, 109 S. Ct. 2893, 2900 (1989). Close-ended continuity requires "a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." Id. Open-ended continuity requires a clear threat of future criminal conduct related to past criminal conduct. Id.

The alleged conduct spans only two months in 2011. Therefore, plaintiff has failed to alleged close-ended continuity. Id. Plaintiff contends that he has established a threat of future criminal conduct because his amended complaint states that "upon recent information and belief, Bailey has continued to conduct his hay business the past three years the same as previously, and will continue in the same mode of operation in the future." (Doc. 20 at 4). This is not sufficient to establish a threat of continuing activity. Plaintiff must allege additional facts "showing that the

-4-

scheme was not an isolated occurrence." <u>Condict v. Condict</u>, 826 F.2d 923, 928 (10th Cir. 1987). Plaintiff's conclusory allegations that defendant is continuing to operate his business in the same manner as he did in September 2011 is not sufficient. <u>Id.</u> "Rather, this is but an unsuccessful effort to dress a garden-variety fraud and deceit case in RICO clothing." <u>Id.</u> at 929.

Defendant's motion to dismiss plaintiff's RICO claim is granted.

**B.   KCPA**

Defendant moves for dismissal of plaintiff's KCPA claim on the basis that defendant cannot recover under the statute for alleged fraud by a consumer. K.S.A. 50-626(a) provides that "No supplier shall engage in any deceptive act or practice in connection with a consumer transaction." A supplier is a seller, who in the ordinary course of business, engages in consumer transactions, whether or not dealing directly with a consumer. K.S.A. 50-624(j). A consumer is an individual who seeks or acquires property or services for personal purposes. K.S.A. 50-624(b). A consumer transaction is a sale of property for value to a consumer. K.S.A. 50-624(c).

According to the facts alleged in the amended complaint, plaintiff is the supplier and defendant is the consumer. Therefore, plaintiff has failed to allege sufficient facts to support a violation of the KCPA.

Defendant's motion to dismiss the KCPA claim is therefore granted.

**IV.  Conclusion**

Defendant's amended motion to dismiss the amended complaint is granted. (Doc. 24).

-5-

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this ___31st___ day of March 2015, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE